Djedi Lebechi Mateen, Sr.
P.O. Box 22237
Oakland, CA 94623

Plaintiff In Pro Per

FILED #99 pd. St

MAY 24 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 17    3002

DMR

| | |
|---|---|
| DJEDI L. MATEEN, SR. 510 815-1674 | Case No.: |
| Plaintiff, | **COMPLAINT  INJUNCTION** |
| vs. | **FRCP 65(b) and OTHER RELIEF** |
| RICHMOND POLICE DEPARTMENT, CITY OF RICHMOND, POLICE CHIEF ALLWYN BROWN,  OFFICER PAGALING, OFFICER WATERS, CERTIFIED TOWING, DEPARTMENT OF MOTOR VEHICLES,  and DOES 1-100 INCLUSIVE, | |
| Defendants. | |

COMES NOW PLAINTIFF DJEDI L. MATEEN, SR., who hereby alleges as to defendants, as

follows:

### JURISDICTION AND VENUE

1.      This action arises under Title 42 United States Codes 1983.

2.      Jurisdiction is conferred by virtue or 28 U.S.C. 1331 and 1343.

1    3.     The conduct alleged herein occurred in the County of Contra Costa.  Venue or

2    this action lies in the United States District Court for the Northern District of California under

3    28 U.S.C. 1391 (a)(2).

4    4.     Plaintiff also invokes as pendent claims, as to which he has complied with all

5    claim filling requirements of the California Government Code by claim dated July 6, 2016.

6    Department of Motor Vehicles has denied those claims on July 20, 2016. Plaintiffs, pendent

7    claims are so related to the federal claims arising under the constitution and laws of the United

8    States that they form part of the same case or controversy under Article III of the Constitution.

9    Supplemental jurisdiction over the pendent State claims is proper under 28 U.S.C.  1367(a).

10   5.     Plaintiff also invokes equity jurisdiction under FRCP 65(b) to enjoin defendants

11   form continuing the unconstitutional practice of seizing private property without due process of

12   law and just compensation, under claim and color of an unconstitutional act.

13

14

## PARTIES

15
16

17   6.     Plaintiff DJEDI LEBECHI MATEEN, SR. (hereinafter "plaintiff") is a citizen of

18   the United States and at all relevant times was a resident of the County of Contra Costa.

19

20   7.     Defendant DEPARTMNET OF MOTOR VEHICLES is an entity of the State of

21   California.

22   8.     Defendant RICHMOND POLICE DEPARTMENT operates under its authority

23   the Defendant CITY OF RICHMOND.  Defendant CITY OF RICHMOND is a public entity

24   duly organized and existing under the laws of the State of California.

25

26   9.     Defendants POLICE CHIEF ALLWYN BROWN, OFFICER PAGALING

27   (Badge# 1687), and OFFICER WATERS (Badge#1710) are employees of Defendant

28   RICHMOND POLICE DEPARTMENT.

10.     Plaintiff does not presently know the true names and capacities of defendants DOES 1 through 100, inclusive, and therefore sues them by fictitious names.  DOES 1 through 100, and each of them, were responsible in some manner for the acts or omissions alleged herein. Plaintiff will seek leave to amend this Complaint to add their true names and capacities when they have been ascertained.

11.     Plaintiff is informed and believes and thereupon alleges that each of the defendants named herein was acting in the course and scope of employment and under color of state law.

12.     It is further alleged that in doing the acts or omissions complained of, the defendants, and each of them, acted in concerts with and/or conspired with other defendants named herein.

13.     Plaintiff is informed and believes that the actions and omissions alleged herein were ratified by Defendant CITY OF RICHMOND and/or Defendant DEPARTMENT OF MOTOR VEHICLES.

## STATEMENT OF FACTS

14.     Plaintiff purchased the pickup truck at issue, a 1996 Dodge Ram 1500 pickup, (hereinafter "pickup") on or about October 28, 2014.

15.     Plaintiff notified in writing, Defendant DEPARTMENT OF MOTOR VEHICLES in July, 2015 that this vehicle was private property, not intended for commercial use, not "for hire."

16.     When Plaintiff purchased the vehicle at a lien sale, it did not have any license plates and Defendant never registered the pickup truck as a commercial vehicle in any state.

17.     Plaintiff never used the pickup "for hire" or any commercial use.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

18.   Plaintiff never received any writing, including any citation, or other note, which stated that he needed to register this pickup with the Defendant DEPARTMENT OF MOTOR VEHICLES or it would be towed.

19.   On or about June 12, 2016 at approximately 1:30 pm Plaintiff received a call from his daughter indicating that his pickup truck was about to be towed.

20.   Plaintiff informed the Defendant police officers over the phone that the pickup was private property with private personal plates, indicating it was private property, and not a commercial vehicle, used for any commercial purposes, nor was it "for hire."

21.   Defendant police officers had the pickup towed by Defendant CERTIFIED TOWING regardless of Plaintiff's statements, without any notice, hearing nor opportunity to be heard, prior to the tow-away.

22.   On or about, July 6, 2016, plaintiff sent all defendant's a Notice of Intent to Sue, giving any and all defendant's an opportunity to site the statute or law that requires the licensing or registration of private property or household goods, defendants failed to produce any statute or law that authorizes the licensing or registration of such private property.

## STATEMENT OF DAMAGES

23.   Plaintiff suffered and continues to suffer general damages loss of use of personal property including inconvenience and accompanying emotional distress.

24.   As a further result of defendants' conduct, plaintiff incurred and will incur special damages, including damages for a previously written notification to Defendants of a specified rental fee of $150 per days from 06/12/2016 through judgment.

25.   Defendant police officers violated their oaths of office under color of state law.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

26.     Defendants conduct was careless, gross, reckless, willful, wanton, unlawful, purposeful, malicious and oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiff.

27.     Plaintiff therefore prays for an award of punitive and exemplary damages against the Defendant police officers according to proof.

28.     Plaintiff will retain private counsel to represent him in this matter and will be entitled to an award of attorneys' fees.

//

/

## FIRST CAUSE OF ACTION
42 U.S.C. 1983- Procedural Due Process
Against All Defendants

29. Plaintiff hereby re-alleges incorporation by reference as though fully set forth herein all prior paragraphs of this Complaint.

30. Plaintiff's private personal interest in his personal private property, the pickup, was affected by official action of Defendants, as set forth above.

31. The risk of erroneous deprivation of this private personal interest was realized at maximum level since Plaintiff received no prior notice his private property, with private personal plates, would be towed, and it was despite Plaintiff informing Defendants of the private personal nature of the property, both written and oral, to which, no additional safeguards were offered or suggested by any Defendant.

32. The Government's interest in this is purely financial and additional safeguards would be at relatively no costs to the Government, and could have afforded Plaintiff with

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

reasonable notice, and an opportunity to be heard regarding the deprivation of his private, personal interest, set forth above.

33. The state undoubtedly has the power to protect public safety but if its regulations amount to a denial to persons within its jurisdiction of due process of law, the regulations or actions enforcing those regulations must be deemed unconstitutional and void.

34. Defendants were agents or employees of the government, acting within the scope of their agency or employment when these acts occurred.

35. The fundamental requisite of due process of law is the opportunity to be heard, which was not given Plaintiff, here, as set forth above, at any time prior to the deprivation of his private personal property.  See *Mullan v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 314.

36. Plaintiff was denied procedural due process of law, here.

WHEREFORE, plaintiff prays for relief as set forth herein.

### SECOND CAUSE OF ACTION
42 U.S.C. 1983- Fourth & Fifth Amendment-Illegal Seizure and Taking of Property
Against All Defendants

37.     Plaintiff hereby re-alleges incorporation by reference as though fully set forth herein all prior paragraphs of this Complaint.

38.     Defendants intentionally, recklessly or negligently deprived Plaintiff of his private personal property without reasonable notice, nor an opportunity to be heard.

39.     Defendants were acting or purporting to act in the performance of their official duties Defendant's conduct violated Plaintiff's right to be free from illegal seizures guaranteed by the Fourth Amendment;

40.     Plaintiff was harmed; and

41.     Defendant's wrongful acts were a substantial factor in causing Plaintiff's harm.

42.     As a result of this conduct by the individual defendants, the plaintiff was injured and deprived of his rights protected by the United States Constitution, including but not limited to the Fourth Amendment to the Constitution of the United States.

WHEREFORE, plaintiff prays for relief as set forth herein.

/

**THIRD CAUSE OF ACTION**
42 U.S.C. 1983- Municipal Liability-Ratification

43.     Plaintiff hereby re-alleges incorporation by reference as though fully set forth herein all prior paragraphs of this Complaint.

44.     The acts of DOES 1-100 deprived the plaintiff of his rights under the United States Constitution.  The Chief of Police and the Professional Standards unit or the Richmond Police Department had final policy making authority from Defendant CITY OF RICHMOND, AND Defendant DEPARTMENT OF MOTOR VEHICLES concerning the acts of the Defendant police officers and towing company the basis for it, that is, the Chief of Policy approved of their confirmation or affirmation of the illegal seizure in violation of plaintiff's rights under the Fourth, Fifth and Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, plaintiff prays for relief as set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

## FOURTH CAUSE OF ACTION
### CONVERSION
Against All Defendants

2

3     45.     Plaintiff hereby re-alleges incorporation by reference as though fully set forth

4     herein all prior paragraphs of this Complaint.

5

6     46.     Plaintiff owned and possessed the pickup;

7     47.     Defendants intentionally and substantially interfered with Plaintiff's private

8     personal property by taking possession of the pickup and preventing Plaintiff from having access

9     to the pickup and refusing to return the pickup after Plaintiff demanded its return.

10

11    48.     Plaintiff did not consent to these actions by Defendants;

12    49.     Plaintiff was harmed; and

13    50.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

14    WHEREFORE, plaintiff prays for relief as set forth herein.

15

16    ## FIFTH CAUSE OF ACTION (REMEDY)
### Injunction F.R.C.P. Rule 65(b)
Against All Defendants

17

18    51.     There is no adequate remedy at law for Plaintiff's injuries to his personal property

19    and rights under state law.

20

21    52.     No remedy is as complete and adequate as a suit for injunction to protect Plaintiff

22    against the wrongful interference, under color of a void Motor Vehicle Code (which does not

23    address private property as in this instance) with the lawful exercise of his common personal

24    right to drive an automobile, unless the chief of police is restrained, Plaintiff will sustain

25    irreparable injury in his pursuance of happiness and in acquiring and the use of his property.

26

27

28

53.     Whether a right to use the public highways for the ordinary and usual purposes of life be a property right or not, it is a very valuable right, not a mere privilege.  It is recognized that an injunction will lie to enjoin the threatened enforcement of an invalid statute or ordinance where the lawful use and enjoyment of private property will be injuriously affected by its enforcement.

54.     A court of equity has jurisdiction to address inadequacy of remedy and irreparable injury, which the irreparable injury is the loss of use of a automobile valued higher than its fair market value, as was the automobile in this instance.

55.     Unless restrained, the Defendants are subject to commit these acts against further private property of plaintiff, such as with this instance alleged here.

/WHEREFORE, plaintiff prays for relief as set forth herein, as follows.

### PRAYER FOR RELIEF

1.     For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from any further actions to seize Plaintiffs private personal property, under color of state law, for a "reasonable time", as the court finds, but at a minimum for one year.

2.     For compensatory and economic damage according to proof;

3.     For general damages according to proof;

4.     For special damages as set forth above;

5.     For damages provided by law;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

6.      For an award of interest, including prejudgment interest as the legal rate;

7.      For an award of attorneys' fees and costs;

8.      For punitive damages against the individual defendants

9.      For such other and further relief as the Court may deem just necessary and appropriate.

REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury for all claims for which he is entitled to a trial by jury.

Dated: May 24, 2017

DJEDI LEBECHI MATEEN, SR., Plaintiff

---

10
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# Exhibits

1) **Notice to State (DMV)**

2) **Copies of Lien Sale Paper work (Showing Purchase)**

3) **Copy of the NOT FOR HIRE (notice that was on the dash)**

4) **Copy of License Plates on my Personal Property**

5) **Copy of first Letter of Intent to Sue**

6) **Copy of Letter from DMV**

7) **Copy of Public Records Law Demand**

8) **Office of the Governor Response to Public Records Law Demand**

9) **City Attorney Response to Public Records Law Demand**

10) **DMV Response to Public Records Law Demand**

11) **My Response to DMV**

July 13, 2015
Djedi —American National
c/o PO Box 22237
Oakland, California Near [94623]
Without the US



## STATE OF CALIFORNIA
## SECRETARY OF STATE

### Re: Mandate for Return of MSO & Rescission of Signatures/Contracts

This lawful mandate is for the return of the original Manufactures Statement of Origin for the private automobile having VIN # 3B7HC13Z0TG111691. Accompanying this mandate are all available documents and tags issued by The State of CALIFORNIA at the time of purchase. Failure to comply and return the demanded original MSO will be your acknowledgement and confirmation that you are not the Holder in Due Course of the original MSO and the enclosed Private Contract/Bill of Sale will establish paramount ownership of the private automobile as described in the Private Contract/Bill of Sale and by right of lawful possession. The responsible agency shall comply within ten (10) days of this mandate.

This private automobile is used for conveyance of family, friends, guests and goods for private purposes not commercial, not for hire, classified as personal consumer goods and is without the US inc.

Ownership of this Private Property is hereby conveyed to,

Djedi Lebechi Mateen Sr
c/o PO Box 22237
Oakland, California Near [94623]
Without the US

by means of Private Contract/Bill of Sale. (copy enclosed)


Djedi Lebechi Mateen Sr
American National

Witness quorum:

# BUYER'S ACKNOWLEDGMENT
## FOR THE PURCHASE OF A LIEN SALE VEHICLE OR VESSEL

Control Number
2014-35298

### Vehicle / Vessel Description

| STATE | LICENSE/CF# NONE | EXPIRATION DATE | VEHICLE/VESSEL ID NUMBER 3B7HC13Z0TG111691 | MOTORCYCLE ENGINE NUMBER |
|---|---|---|---|---|

| YEAR 1996 | MAKE DODGE | MODEL RAM PICKUP | STYLE PICKUP |
|---|---|---|---|

### Lienholder Information

| DATE OF POSSESSION 07/21/14 | POSSESSORY LIENHOLDER/SELLER'S NAME AVENUE TOW SERVICE | | DAYTIME TELEPHONE NUMBER (510)524-4434 |
|---|---|---|---|
| DATE VEHICLE CLEARED LIEN SALE 09/02/14 | STREET ADDRESS 1425 SAN PABLO AVE | CITY BERKELEY | STATE CA  ZIP CODE 94702- |

### Documents

THE FOLLOWING DOCUMENTS MAY BE REQUIRED TO REGISTER THIS VEHICLE OR VESSEL (CHECKED DOCUMENTS ARE INCLUDED)

- ☐ Application for Registration (REG.343 and/or BOAT 101, if vessel)
- ☐ Bill of Sale (REG.135) (If odometer not required or sold to dlr./dismantler)
- ☒ Certification of Lien Sale for Vehicle Valued $4000/Less (REG.168A)
- ☒ Certificate of Mailing (Copy for proof of notification, if applicable)
- ☒ DMV Printout (Copy of record depicting owners, if available)
- ☒ Notice of Pending Lien Sale/ $4000 or Less (REG.668) (Copy of Notice)
- ☐ Transfer Form (REG.262) (Bill of Sale, Odometer Disclosure, Power of Attorney)
- ☐ Smog Certificate (If applicable, obtained from a licensed smog check station)
- ☐ Verification of Vehicle or Vessel (If no California record exists)
- ☐ Certificate of Planned Non-Operation (REG.102) (Optional with current registration)

The Buyer acknowledges that they have purchased the vehicle or vessel described above from the Possessory Lienholder, (Seller), whose possession, lien sale, and subsequent disposal is in accordance with the statutes of the California Vehicle and Civil Code or Harbors & Navigation Code (if applicable). The documents printed in bold type above, are the only documents the Lienholder is required to give the Buyer. Other documents may be provided for the Buyer's convenience, however the Seller does not guarantee their completion or accuracy. It is the sole responsibility of the Buyer to provide additional documents, pay fees, and meet all other requirements necessary to complete the transfer of ownership and register this vehicle/vessel.

**Buyer agrees to complete the transfer of ownership and register this vehicle within ten, (10), days** after the date entered on the Bill of Sale or Transfer Form executed by the Seller. Buyer's compliance must be proven by one of the following documents dated within the time period specified; Certificate of Ownership and Registration or Fee Receipt and Temporary Operating Permit or any other document provided by the California Department of Motor Vehicles which indicates the Buyer is the current owner of the vehicle/vessel and that such vehicle/vessel is duly registered.

Buyer warrants that they shall indemnify, hold harmless, and pay reasonable attorney fees and costs to the Seller and their agents for any and all claims arising out the Buyer's failure to transfer and register the vehicle/vessel as set forth above. Failure to register the vehicle/vessel as set forth above will result in penalties to the Buyer as required by the California Vehicle Code.

Buyer further understands that the vehicle/vessel is purchased **AS IS**, and that the Seller has no knowledge of the mechanical condition of the vehicle/vessel, and that the vehicle/vessel is being sold without any guarantees, expressed or implied, and that the vehicle/vessel may or may not comply with current state or federal safety, smog, and/or other requirements. In accordance with Section 5900 of the California Vehicle Code, the Seller will notify the Department of Motor Vehicles within five, (5), days of this transfer giving the date, vehicle description, odometer reading, and the Buyer's name and address.

Buyer also understands that unless they are a licensed dealer, or unless the vehicle is being purchased for the purpose of being wrecked or dismantled, or purchased for exclusive off-highway use, that California law requires the Buyer obtain a certificate of compliance or noncompliance, issued in accordance with Section 44015 of the Health and Safety Code and register the vehicle with the Department of Motor Vehicles. Failure to comply with this provision will result in a lien against any vehicle owned by the Buyer pursuant to Section 10876 of the Revenue and Taxation Code, enforceable pursuant to Section 10877 of the Revenue and Taxation Code and Article 6 (commencing with Section 9800) of Chapter 6 of Division 3.

I hereby acknowledge that I have read, understand, and agree to all of the statements and conditions hereon.

| BUYER'S TRUE FULL NAME (PRINTED) Djedi Mateen | BUYER'S SIGNATURE X Djedi Mateen | DATE 10-28-14 |
|---|---|---|
| DAYTIME TELEPHONE NUMBER ( ) | STREET ADDRESS | CITY | STATE | ZIP CODE |

(Seller retain signed original, and give a copy to the Buyer.)

This motorized device is NOT a COMMERCIAL VEHICLE pursuant to Ca.
Motor Vehicle Code Sec 260 (a) or a MOTOR VEHICLE pursuant to 18 USC
31 (a) 6 and 10 and Ca Motor Vehicle Code Sec 415 (a) and is:

# NOT FOR HIRE

In accordance to the California Court of Appeals: Government Employees
Insurance Co vs Carrier Ins. Co 1975 Cal. App. 3D 223



# Letter of Intent to Sue

07/06/2016

Djedi Lebechi Mateen Sr
c/o PO Box 22237
Oakland, California 94623

Lieutenant Joseph Schlemmer
Badge #1386
THE RICHMOND POLICE DEPT
1701 REGATTA BOULEVARD
RICHMOND, CA 94804-7409

**RE: Letter of Intent to Sue**
Reckless and intentional disregard of a known duty
Loss of Liberty
Illegal Seizure

Dear Lieutenant Joseph Schlemmer

This letter serves as the formal notice of my intent to file a lawsuit against [THE RICHMOND POLICE DEPT, ALLWYN BROWN, CHIEF OF POLICE, POLICE OFFICER PAGALING BADGE #1687, POLICE OFFICER WATERS Badge #1710, CERTIFIED TOWING, and THE DEPARTMENT OF MOTOR VEHICLE] for the unlawful towing and theft of my personal and private property (consumer goods).

On June 12, 2016 at approximately 1:30pm I received a call from my daughter stating that my 1996 Dodge Ram 1500 Pickup (VIN# 3B7HC13Z0TG111691) was going to be towed. She handed her phone to one of the OFFICERS and I explained to him that the 1996 Dodge Ram 1500 Pickup (VIN# 3B7HC13Z0TG111691) with private personal plates (NOT FOR HIRE [CVC 260] Private Property-copy enclosed) was personal property, it was NOT FOR HIRE, and it was not a Commercial Vehicle and he had no right to tow my personal property/consumer goods.

**Here are a few case laws for you to consider:**

Owen v. Independence, 100 S.C.T. 1398, 445 US 622: "Officers of the court have no immunity, when violating a Constitutional right, from liability. For they are deemed to know the law."

"Automobile owned by individual not in business is 'consumer goods'." In re Rave, 7 UCC rep. Serv 258.

"An automobile purchased for personal and family use was 'consumer goods'." Bank of Boston v. Jones, 4 UCC Rep. Serv. 1021, 236 A.2d.484

"The use to which an item is put rather than its physical characteristics determine whether it should be classified as 'consumer goods'.

**However If you wish to resolve this matter without court action:**

1) You can in writing cite for me the Statutory Authority you are using that requires me to license and register my private automobile (consumer goods) that is not being used commercially, before it is released to me. If you can show me these laws within 10days I will register it and pay the fees.

2) If you cannot cite for me the Statutory Authority you are using that requires me to license and register my private automobile (consumer goods), then to resolve this matter before further action is taken. Return my private property (consumer goods) to where it was stolen from and pay the $150.00 daily rental fee beginning on 06/12/2016 when my private property was illegally seized, without authority of law, and continuing until my private property (consumer goods) is returned to me.  If I do not hear from The Richmond Police Dept, within 10days I will be forced to initiate a lawsuit.

Your prompt attention is appreciated,

*Djedi Lebechi Mateen Sr*

Djedi Lebechi Mateen Sr          07/06/2016

cc: Lieutenant Joseph Schlemmer Badge #1386, Allwyn Brown, Chief of Police, Tom Butt, Mayor of Richmond, Police Officer Pagaling #1687, Police Officer Waters #1710, Certified Towing, Jean Shiomoto, Director of DMV, Governor Jerry Brown



CALIFORNIA STATE TRANSPORTATION AGENCY                                    EDMUND G. BROWN JR., *Governor*

**DEPARTMENT OF MOTOR VEHICLES**
P.O. BOX 932345
SACRAMENTO, CA 94232-3450



July 20, 2016


Djedi Lebechi Mateen Sr.
c/o PO BOX 22237
Oakland, CA  94623

Dear Djedi Lebechi Mateen Sr.:

This letter is in response to your recent correspondence.

The California Department of Motor Vehicles and its employees disagree with your statements and will not be bound by them.

Every person within the boundaries of the State of California is subject to its laws and must comply with the California requirements for licensing, registration, and insurance in order to operate a motor vehicle on public roads.

Under California law, driving a vehicle is a privilege granted by the state through its power to regulate traffic and is not a right, regardless of whether the travel is for personal use or commercial gain.  The DMV does not have the authority to exempt you from the licensing and registration laws.

Additionally, California law establishes punitive measures to be taken.  When a person operates a motor vehicle without complying with the licensing and registration laws, the person is subject to citation and/or the vehicle is subject to impoundment by a law enforcement officer.

This is the last correspondence that you will receive from the DMV concerning these issues as the DMV will not expend any further resources responding to your correspondence.

Sincerely,



Customer Communications Section




California Relay Telephone Service for the deaf or hearing impaired from TDD Phones: 1-800-735-2929; from Voice Phones: 1-800-735-2922

EXEC 199 (REV. 7/2013) DMVWEB                          *A Public Service Agency*



# Public Records Law Demand

## GOVERNMENT CODE SECTION 6251

08/19/2016

Lieutenant Joseph Schlemmer
Badge #1386
THE RICHMOND POLICE DEPT
1701 REGATTA BOULEVARD
RICHMOND, CA 94804-7409

**RE: Public Records Law Demand**

Lieutenant Joseph Schlemmer

Dear Public Servant,

A Public Record Law Demand is a public record, as well as the record demanded, and the Public Record Law is fundamentally an accountability protocol, the express purpose of which is to render the workings of government more transparent to a free people who have a direct interest in the affairs of their public institutions;

This letter serves as a formal request for a **Public Records Law Demand**, as I have not received any response to the notice of my intent to file a lawsuit (Dated 07/06/2016) against [THE RICHMOND POLICE DEPT, ALLWYN BROWN, CHIEF OF POLICE, POLICE OFFICER PAGALING BADGE #1687, POLICE OFFICER WATERS Badge #1710, CERTIFIED TOWING, and THE DEPARTMENT OF MOTOR VEHICLE] for the unlawful towing and theft of my personal and private property (consumer goods).

As of August 19, 2016, I still have not received any response citing the Statutory Authority you are using that requires me to license and register my private automobile (consumer goods) that is not being used commercially. (1996 Dodge Ram 1500 Pickup VIN# 3B7HC13Z0TG111691) (NOT FOR HIRE [CVC 260] Private Property).

I have provided you with case law and Supreme Court rulings in matters such as this, yet I have not received a response. Again as a matter of Public Record I would like to know the **Department of Motor Vehicle Code and the Statutory Authority/Law** that requires me to **Title and Register** private property (consumer goods, referred to as household goods) prior to using them on the public right of way, as long as it is not used for commercial purposes.

**A PUBLIC RECORD LAW DEMAND** is made under authority of **The California Public Records Act** for a copy of all policy statements, documents, directives or other communication furnished to DMV field personal, law enforcement officers, city and county governments, courts and other interested officials which enable these public servants to distinguish between what vehicle 'uses' must be titled, and what

action or actions a new owner can avail himself of when the title is no longer needed, because the 'use' has changed and a copy of any and all forms developed by DMV for the purpose of terminating a title and registration that is no longer needed because the 'use' does not require the vehicle to be titled and registered. **Can you please explain this to me found in The California Vehicle Code CVC260 (b)**

CVC260.          (a) A "commercial vehicle" is a motor vehicle of a type required to be registered under this code used or maintained for the transportation of persons for hire, compensation, or profit or designed, used, or maintained primarily for the transportation of property.
                 (b) Passenger vehicles and house cars that are not used for the transportation of persons for hire, compensation, or profit are not commercial vehicles.

**A PUBLIC RECORD LAW DEMAND** is made under authority of **The California Public Records Act** for a photo copy of any special plate or marker that is used to designate a "private passenger motor vehicle" or a "solely for personal use" vehicle.

Do to the public interest in the good faith and truthfulness of public servants I request any fees for the production of these demanded documents be waived. **Please return a stamped copy of this PUBLIC RECORD LAW DEMAND** with the response provided by DMV within the reasonable time of fourteen days from receipt.

Thank you in advance for your public service. Your prompt attention is appreciated,

Sincerely,

Djedi Lebechi Mateen Sr          08/19/2016
c/o PO Box 22237
Oakland, California 94623

Public Record Law Demand **The California Public Records Act**

cc: **Allwyn Brown, Chief of Police** THE RICHMOND POLICE DEPT 1701 REGATTA BOULEVARD RICHMOND, CA 94804-7409, **Tom Butt, Mayor of Richmond** 450 Civic Center Plaza Suite 300 Richmond, CA 94804, **Police Officer Pagaling #1687** THE RICHMOND POLICE DEPT 1701 REGATTA BOULEVARD RICHMOND, CA 94804-7409, **Police Officer Waters #1710** THE RICHMOND POLICE DEPT 1701 REGATTA BOULEVARD RICHMOND, CA 94804-7409, **Certified Towing Wellsco Inc** 2777 Giant Road Richmond, CA 94806, **Jean Shiomoto, Director of DMV** 2415 1st Ave, Mail Station F101 Sacramento, CA 95818-2606, **Governor Jerry Brown** c/o State Capital, Suite 1173 Sacramento, CA 95814



## OFFICE OF THE GOVERNOR

August 23, 2016

*Via U.S. Mail*

Djedi Lebechi Mateen Sr.
c/o Post Office Box 22237
Oakland, CA 94623

RE:   <u>Public Records Act Request</u>

Dear Mr. Mateen:

This letter responds to your correspondence to the Governor's Office from August 23, requesting records pertaining to DMV policies.

We have located no records that are responsive to your request.

Sincerely,

LEGAL AFFAIRS



CITY ATTORNEY

BRUCE REED GOODMILLER



August 26, 2016

*Via U.S. Mail*

Djedi Lebechi Mateen, Sr.
P.O. Box 22237
Oakland, California 94623

     **Re:   Response to Public Records Law Demand**

Dear Mr. Mateen,

     Thank you for your inquiry to the Richmond Police Department.  It is styled as "Public Record Law Demand." However, neither your notice of intent to file a lawsuit nor your request for legal authority fall under the Public Records Act, which pertains to disclosure of documents held by the City in the ordinary course of business.  In addition, the City Attorney's Office cannot provide legal advice regarding how to interpret a provision of the California Vehicle Code.

     Kind Regards,

     Shannon Moore
     City of Richmond
     City Attorney's Office

cc:   Hon. Tom Butt, Mayor, City of Richmond
      Allwyn Brown, Chief of Police, Richmond Police Department

LEGAL AFFAIRS DIVISION
LEGAL OFFICE C128
**DEPARTMENT OF MOTOR VEHICLES**
2415 FIRST AVENUE
P.O. BOX 932382
    ~RAMENTO, CA 94232-3820
\.  ~) 657-6469



September 1, 2016


**VIA U. S. Mail**

Djedi Lebechi Mateen, Sr.
P. O. Box 22237
Oakland, CA 94623


Re:    Public Records Act Request
       PRA-16-175

Dear Mr. Mateen:

The California Department of Motor Vehicles acknowledges receipt of your letter dated
August 19, 2016, and received on August 23, 2016, requesting information pursuant to
the California Public Records Act (Government Code section 6250 et seq.).

Government Code section 6253, subdivision (c), allows the Department a fourteen (14)
day extension to respond to a California Public Records Act request in "unusual
circumstances," as enumerated in subdivision (c). The following "unusual
circumstances" apply to this matter:

- *The need to search for and collect the requested records from field facilities or
  other establishments that are separate from the office processing the request.*


Accordingly, the Department will inform you of its decision within fourteen (14) days
from the date of this communication.

Sincerely,



PUBLIC RECORDS UNIT

CALIFORNIA STATE TRANSPORTATION AGENCY                                            EDMUND G. BROWN JR., *Governor*

**LEGAL AFFAIRS DIVISION**
**LEGAL OFFICE C128**
**DEPARTMENT OF MOTOR VEHICLES**
2415 FIRST AVENUE
P.O. BOX 932382
SACRAMENTO. CA 94232-3820
(916) 657-6469



September 15, 2016


**<u>VIA U. S. Mail</u>**

Djedi Lebechi Mateen, Sr.
P. O. Box 22237
Oakland, CA  94623

Re:      Public Records Act Request
         PRA-16-175

Dear Mr. Mateen:

The California Department of Motor Vehicles acknowledges receipt of your letter dated
August 19, 2016, and received on August 23, 2016, requesting the following information
pursuant to the California Public Records Act (Government Code section 6250 et seq.).

   1.   *"As of August 19, 2016, I still have not received any response citing the Statutory
        Authority you are using that requires me to license and register my private
        automobile (consumer goods) that is not being used commercially. (1996 Dodge
        Ram 1500 Pickup VIN# 3B7HC13Z0TG111691) (NOT FOR HIRE [CVC 260)
        Private Property)."*

   2.   *"Again as a matter of Public Record I would like to know the Department of
        Motor Vehicle Code and the Statutory Authority/Law that requires me to Title and
        Register private property (consumer goods, referred to as household goods) prior
        to using them on the public right of way, as long as it is not used for commercial
        purposes."*

   3.   *"A PUBLIC RECORD LAW DEMAND is made under authority of The California
        Public Records Act for a copy of all policy statements, documents, directives or
        other communication furnished to DMV field personal [sic], law enforcement
        officers, city and county governments, courts and other interested officials which
        enable these public servants to distinguish between what vehicle 'uses' must be
        titled, and what action or actions a new owner can avail himself of when the title
        is no longer needed, because the 'use' has changed and a copy of any and all
        forms developed by DMV for the purpose of terminating a title and registration
        that is no longer needed because the 'use' does not require the vehicle to be titled
        and registered."*

California Relay Telephone Service for the deaf or hearing impaired from TDD Phones: 1-800-735-2929; from Voice Phones: 1-800-735-2922

A Public Service Agency

4.  *"A PUBLIC RECORD LAW DEMAND is made under authority of The California Public Records Act for a photo copy of any special plate or marker that is used to designate a "private passenger motor vehicle" or a "solely for personal use" vehicle."*

There are no identifiable documents responsive to your first and second requests other than the state laws; however, the Department is not the custodian of records of state laws or other statutory authority, and the Department's legal office is unable to perform legal research on behalf of private individuals. Copies of California laws can be found for your review at your local law library. However, as a courtesy, the following analysis is provided.

## *Issue*

Whether the 1996 Dodge Ram 1500 pickup truck must be registered in order to operate on the public highways in the State of California pursuant to the California Vehicle Code.

## *Analysis*

Vehicle Code section 260, subdivision (a), defines a commercial vehicle as:

> "a motor vehicle of a type required to be registered under this code used or maintained for the transportation of persons for hire, compensation, or profit or designed, used, or maintained primarily for the transportation of property." (Emphasis added.)

Vehicle Code section 471 defines a pickup truck, such as the 1996 Dodge Ram 1500, as:

> "a motor truck with a manufacturer's gross vehicle weight rating of less than 11,500 pounds, an unladen weight of less than 8,001 pounds, and which is equipped with an open box-type bed not exceeding 9 feet in length. "Pickup truck" does not include a motor vehicle otherwise meeting the above definition, that is equipped with a bed-mounted storage compartment unit commonly called a "utility body."" (Emphasis added.)

Vehicle Code section 410 defines a motor truck as:

> "a motor vehicle designed, used, or maintained primarily for the transportation of property."

Section 150.04 of Title 13 of the California Code of Regulations provides further clarification that the 1996 Dodge Ram 1500 is a pickup truck by definition:

> "§150.04.  Pickup Trucks.

PRA-16-175
Page 3
September 15, 2016

> (a)   Pursuant to Section 471 of the Vehicle Code, any motor vehicle, except a motorcycle, motorized bicycle, or motorized quadricycle, with an open box type bed not exceeding 9 feet in length is by definition a pickup. Examples of this type of motor vehicle include the Ford Explorer Sort Trac, Nissan Frontier and other similarly designed vehicles.
>
> (b)   Pursuant to Section 471 of the Vehicle Code, any motor vehicle, except a motorcycle, motorized bicycle, or motorized quadricycle, that may be configured or reconfigured to provide an open box type bed not exceeding 9 feet in length is by definition a pickup. Examples of this type of motor vehicle include the Chevrolet Avalanche and similarly designed vehicles."

Since the 1996 Dodge Ram 1500 is a pickup truck, it is a motor truck as defined by the Vehicle Code.  Since it is a motor truck, it is "designed, used, or maintained primarily for the transportation of property."

"Property" is defined in California Civil Code section 14, which says:

> "...The following words have in this code the signification attached to them in this section, unless otherwise apparent from the context:
> 1.  The word "property" includes property real and personal;
> 2.  The words "real property" are coextensive with lands, tenements, and hereditaments;
> 3.  The words "personal property" include money, goods, chattels, things in action, and evidences of debt;
>     ..."

California Civil Code sections 654, 655, and 657 further state that:

> "The ownership of a thing is the right of one or more persons to possess and use it to the exclusion of others.  In this code, the thing of which there may be ownership is called property."  (Section 654)

> "There may be ownership of all inanimate things which are capable of appropriation or of manual delivery; of all domestic animals; of all obligations; of such products of labor or skill as the composition of an author, the goodwill of a business, trademarks and signs, and of rights created or granted by statute."  (Section 655)

> "Property is either:
> 1.  Real or immovable; or,
> 2.  Personal or movable." (Section 657)

Under the rules of statutory interpretation, "(t)he California codes are to be read together and construed as a single statute." (*People v. Clinesmith* (1959) 175 Cal.App.2d Supp.

PRA-16-175
Page 4
September 15, 2016

911, 913; 346 P.2d. 923, 924.)  Therefore, when the definitions of "property" under the Civil Code are construed together with the definitions of a "commercial vehicle" under the Vehicle Code, it is apparent that the word "property" in the Vehicle Code refers to inanimate personal property, including goods and chattels, which are capable of delivery. It is clear that the bed of a pickup truck is designed primarily for the transportation of such property.

Therefore, since it is "designed, used, or maintained primarily for the transportation of property," the 1996 Dodge Ram 1500 pickup truck is a "commercial vehicle" as defined under the Vehicle Code, and as such, it must be registered as a commercial vehicle.

There are no identifiable documents responsive to your requests in the third and fourth paragraphs.

Sincerely,

PUBLIC RECORDS UNIT

Djedi Lebechi Mateen Sr.
c/o PO Box 22237
Oakland, California 94623

Legal Affairs Division
Legal Office C128
Department of Motor Vehicles
2415 First Avenue
P.O. Box 932382
Sacramento, CA 94232-3820

re: Reply to Public Records Act Request Response.

Dear Legal Affairs,

Thank you for your opinion as to the meaning of the California Motor Vehicle Code. I do not, nor can I agree, that the State of California as organized under its Constitution has power to convert my fundamental right to use my property [1996 Dodge Ram 1500 pickup] upon the public highway as a private conveyance without "registering" that property with the California Department of Transportation, via the Department of Motor Vehicles. Or for that matter, requiring me, a private citizen, to obtain one of the three "commercial driver licenses" issued by State of California DMV in order to engage in the occupation of a "chauffeur" or "driver for hire".

Your claim flies in the face of numerous state Supreme Court and United States Supreme Court cases including *Frost & Frost Trucking Co. v. Railroad Comm. of California,* 271 U.S. 583 (1926) where the court said very clearly:

> **"There is involved in the inquiry not a single power, but two distinct powers. One of these, the power to prohibit the use of the public highways in proper cases, the state possesses; and the other, the power to compel a private carrier to assume against his will the duties and burdens of a common carrier, the state does not possess. It is clear** that any attempt to exert the latter, separately and substantively, must fall before the paramount authority of the Constitution. May it stand in the conditional form in which it is here made? If so, constitutional guaranties, so carefully safeguarded against direct assault, are open to destruction by the indirect, but no less effective, process of requiring a surrender, which, though in form voluntary, in fact lacks none of the elements of compulsion. Having regard to form alone, the act here is an offer to the private carrier of a privilege, which the state may grant or deny, upon a condition which the carrier is free to accept or reject. In reality, the carrier is given no choice, except a choice between the rock and the whirlpool-an option to forego a privilege which may be vital to his livelihood or submit to a requirement which may constitute an intolerable burden."

Reply - Response to Public Records Request                                          page   1

The State of California cannot arbitrarily convert my right to travel by the conveyance of the day over the public highways. Such use has been declared a common and fundamental right protected by the Constitution of the United States even though it is not mentioned there. *Shapiro v. Thompson,* 394 U.S. 618 (1969); *Murdock v. Pennsylvania,* 319 U.S. 105. Neither can it use fraud and extortion by, seizing private property [1996 Dodge Ram 1500 pickup] from a parking space in front of my home which I have a right to use without fee. *See United States v. Guest,* 383 US 745 (1966); *Shuttlesworth v. Birmingham,* 373 U.S. 262; *Beamon v. Department of Motor Vehicles,* 180 Cal.App.2d 200, 4 Cal.Rptr. 396 (1960).   I do not use this private property in any form of "transportation for any fare, fee, rate, charge or other consideration" which would enable the State of California to exact a "privilege tax".

I use this pickup for "personal and family" use and none other. The Supreme Court of California long ago addressed the difference between those "driving for hire" and other who are not required to obtain a "license and pay any fee" to my automobiles upon the public streets and highways. It is noted that *Ex parte Stork,* 167 Cal. 294, 139 Pac.Rptr. 684 (1914), has never been overruled. It states in pertinent part:

> "Dividing, as does statutes 1913 p. 639, drivers of automobiles into two classes, one professional chauffeurs, and requiring them to obtain a license, and pay an annual fee of $2, the other embracing all others, who are not required to secure a license or pay a license fee, is sound classification and not arbitrary, so as to constitute special legislation."

If not for the fraud and extortion racket perpetrated by the California Bar Association and others who profess an "understanding" of the statute laws of California and their biased view of what the legislature actually accomplished with the passage of the Motor Vehicle Code, no private automobile would display a "license plate" no "driver" of such automobile would ever obtain a "driver license".

California Statutes 1925, Chapter 412, p. 833. An act to impose a license fee for the transportation of persons or property for hire or compensation upon public streets, roads and highways in the State of California by motor vehicle; to provide for certain exceptions; to provide for the enforcement of the provisions hereof and for the disposition of the amounts collected on account of such license; to make an appropriation for the purpose of this act; and to repeal all acts or parts of acts in conflict herewith. It is noted this act took place only 11 years after *Ex parte Stork,* so the California legislature knew exactly what they were "licensing".

Just one year after passage of the above statute another case came before the California Supreme Court, *Bacon Service Corporation v. Huss,* 199 Cal. 21(1926). In this case the Supreme Court made perfectly clear to the lay person and the professional attorney the application and meaning of the California Motor Vehicle Code as applied by the Court. It cannot be doubted that through "administrative fiat" Bar Attorneys and other Public Officials have perverted the law for private gain. As stated in Huss:

"The next exemption applies to those who use the said public highways for the transportation of their own property or employees or both and to those who transport no persons or property for hire or compensation. It is obvious that those who operate motor vehicle for the transportation of persons or property for hire enjoy a different and more extensive use of the public highways. They are thereby enabled to engage in business on the public highways and to provide themselves a livelihood, particularly because of the existence of the public highways and the facilities thereby afforded. Such extraordinary use constitutes a natural distinction and a full justification for their separate classification and for relieving from the burden of the license tax those who merely employ the public highways for the transportation of their own property or employees. ..." at p. 30.

It is noted that several years prior to *Bacon Service Corp.*, case it was the policy of the State to issue 'free of charge' an exempt plate to denote the automobile was not subject to the Motor Vehicle Code. A case in point, *Marin Municipal Water Dist., v. Chenu,* 188 Cal. 734, 737 (1922), where the court states:

"... This section [2 of the Motor Vehicle Act] provides that: '... such self-propelled vehicles as are used neither for the conveyance of persons for hire, pleasure, or business, nor for the transportation of freight, are hereby exempted from the payment of the fees in this act prescribed. The department shall furnish, free of charge, distinguishing plates for motor vehicles thus exempt.'"

This narrative could continue for many pages and cite countless cases, but the point is made clear above. The State of California, Department of Motor Vehicle is only authorized to issue "license plates" for "motor vehicles" used for compensation or profit upon the public highway and the "license" the "drivers" of those motor vehicle who are "paid to drive". All others are exempt and that includes me and my private 1996 Dodge pickup. The principle is stated thusly:

"If it ain't for hire, the State has no authority to license it and regulate it."

Your circling of the wagons using the vehicle code does not change the underlying law. California has power under its Constitution to "license" the privilege of 'transporting persons or property for hire', but it has no constitutional authority to require any citizen to be "licensed" or obtain a "registration number and attach a license plate" to any private automobile prior to using the same on the public highway. The requiring of the latter would amount to "extortion" or "coercion" both being felonies in most states.

In case you are thinking of claiming some sort of "qualified immunity" you should be aware that government officials enforcing mere statute are required to follow the law as provided by the legislature and not attempt to enlarge their limited power by administrative fiat. That latter being cause to forfeit their office or position. See 18 U.S.C. 2071(a) Whoever willfully and unlawfully conceals, removes, mutilates, or destroys, or attempts to do so, or with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or

deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both. *see also* (b) ... and shall forfeit his office and be disqualified from holding any office under the United States."

The entire Motor Vehicle Code must be read in harmony with each other part or section thereof. No officer can set the code at defiance for personal or financial gain, by twisting the plain meaning of one section with another. It is noted that California, like all other states has three (3) classes of "driver license" CLASS A, B, and C **commercial.** It is also noted that the State of California has no Constitutional power to "license" a right belonging to the citizens such as the right to travel upon the public highway by automobile. If it is your contention that the California Legislature has pass any law that creates a **non-commercial license,** this is **demand,** that you provide me a certified copy of that law or comply with the demand for the return of my private property.

As a result of the above, I expect and demand that my private property be immediately returned to me with the fee for its unlawful seizure and detention and my loss of use. In the event you choose to ignore this demand and the provision of law set out above I fully intend to take this matter to the Supreme Court of California by a Petition for Writ of Mandamus and Injunctive Relief for the unlawful enforcement of the California Motor Vehicle Code against private automobiles that are exempt by fundamental law.

Dated this 17th day of October 2016.

Sincerely,

Djedi Lebechi Mateen, Sr.

cc: **Allwyn Brown, Chief of Police** THE RICHMOND POLICE DEPT 1701 REGATTA BOULEVARD RICHMOND, CA 94804-7409, **Tom Butt, Mayor of Richmond** 450 Civic Center Plaza Suite 300 Richmond, CA 94804, **Police Officer Pagaling #1687** THE RICHMOND POLICE DEPT 1701 REGATTA BOULEVARD RICHMOND, CA 94804-7409, **Police Officer Waters #1710** THE RICHMOND POLICE DEPT 1701 REGATTA BOULEVARD RICHMOND, CA 94804-7409, **Certified Towing Wellsco Inc** 2777 Giant Road Richmond, CA 94806, **Jean Shiomoto, Director of DMV** 2415 1st Ave, Mail Station F101 Sacramento, CA 95818-2606, **Governor Jerry Brown** c/o State Capital, Suite 1173 Sacramento, CA 95814, **Lieutenant Joseph Schlemmer Badge #1386** THE RICHMOND POLICE DEPT 1701 REGATTA BOULEVARD RICHMOND, CA 94804-7409